IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT LEE TAYLOR, | : | |
| Plaintiff | : | |
| VS. | : | NO. 1:06-CV-109 (WLS) |
| Warden DANNY THOMPSON, | : | |
| Defendant | : | **O R D E R** |

Plaintiff **ROBERT LEE TAYLOR**, presently confined at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

## *I. BACKGROUND*

In his complaint, plaintiff alleges that his cramped cell at Calhoun State Prison does not have adequate ventilation, and it gets too hot in the summer. Plaintiff also appears to allege that he receives only two showers a week and is not allowed to exercise. Additionally, plaintiff claims that all of his personal property has been confiscated. Finally, plaintiff maintains that he is being denied access to medical care for back pain and a skin rash. For these violations, plaintiff seeks damages.

## *II. ORDER TO SUPPLEMENT*

Upon the initial review of plaintiff's complaint, it is not clear that plaintiff exhausted his

administrative remedies before filing his lawsuit in this Court, as he is required to do under 42 U.S.C. § 1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Alexander v Hawk*, 158 F.3d 1321 (11th Cir. 1998) (holding that exhaustion is required even if prisoner seeks only monetary damages).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). Before filing a section 1983 complaint in Court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. *Id.* at 1207. Prisoners must not simply initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. *See Booth v. Churner*, 532 U.S. 731, 740 (2001); *Moore v. Smith*, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under section 1997e). The exhaustion requirement is mandatory and cannot be waived even when the grievance process is futile or inadequate. *Alexander*, 158 F.3d at 1325-26.[1]

---

[1] The Eleventh Circuit has identified seven policy reasons underlying the exhaustion requirement:
> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an

The court-provided complaint form contains a section that inquires whether the plaintiff pursued a prisoner grievance procedure. Plaintiff checked yes, and in response to the question, "What was the result?", stated, without elaboration, "The staff refuse to answer the grievance." Plaintiff thus may not have exhausted all of his administrative remedies prior to initiating this lawsuit.

Accordingly, plaintiff is **DIRECTED** to provide additional factual details regarding what steps he has taken to complete the administrative grievance process at Calhoun State Prison. Specifically, plaintiff is instructed to state: (1) the approximate dates on which he filed his grievance(s); and (2) the dates and content of any denials. Plaintiff is further instructed to state whether he appealed any denials and the results of such appeals. If possible, plaintiff should attach copies of all grievance filings, appeals, and responses.

## III.  NOTICE

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claims. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

**SO ORDERED**, this 18th day of August, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

agency by encouraging people to ignore its procedures.